**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Glen Jones, Jr., <br> Petitioner, <br> vs. <br> Charles L. Ryan, et al., <br> Respondents. | No. CV-03-478-TUC-DCB <br> <u>DEATH PENALTY CASE</u> <br><br> **ORDER AND AMENDED CERTIFICATE OF APPEALABILITY** |

Before the Court is Petitioner's Motion for New Trial or Reconsideration pursuant to Rule 59, Federal Rules of Civil Procedure. (Dkt. 84.) On January 29, 2010, the Court denied Petitioner's amended petition for writ of habeas corpus, granted a certificate of appealability (COA) for one claim, and entered judgment. (Dkts. 79, 80.) In the present motion, Petitioner asks the Court to alter or amend its judgment with respect to two claims. He further requests that the Court grant a COA on additional issues.

## DISCUSSION

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration. Such a motion offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) should only be granted in "highly unusual circumstances." *Id.*; *see 389 Orange Street Partners v. Arnold*,

179 F.3d 656, 665 (9th Cir. 1999). Reconsideration is appropriate only if (1) the court is presented with newly discovered evidence, (2) there is an intervening change in controlling law, or (3) the court committed clear error. *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988), or to ask the court to "rethink what it has already thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

Petitioner asserts that the Court committed clear error in denying Claim 1-A, that newly-discovered evidence supports habeas relief on Claim 1-D, and that a COA should issue for all of the prosecutorial misconduct allegations set forth in Claim 1. The Court declines to reconsider Claims 1-A and 1-D but will expand the COA to include the entirety of Claim 1.

**Claim 1-A**

In his petition, Petitioner asserted that the prosecutor suborned perjury from detectives concerning a kicked-in door at the Moon Smoke Shop in an effort to bolster the testimony of Lana Irwin, who claimed she overheard Petitioner mention that he had kicked in a door during the offense. The Court found that this claim was never fairly presented in state court and considered as cause for the procedural default whether appellate counsel was ineffective for failing to raise the claim on direct appeal. (Dkt. 79 at 11-12.)

Petitioner argues that the perpetrators of the Smoke Shop murders could not have known a door was kicked in since it did not occur until after they left, when the door was kicked in by the police. (Dkt. 84 at 3.) Thus, the information could not have come from Petitioner, and Irwin must have been told by the police or prosecutor to say the door was kicked in or showed her pictures of the scene to help fabricate her story. (*Id.*)

The Court thoroughly addressed this claim in its January 2010 order and declines to rethink what it has already thought through. (Dkt. 79 at 12-18.) Petitioner does not identify

clear error; rather, he reurges the same arguments already considered and rejected by the Court. Reconsideration is denied.

**Claim 1-D**

Petitioner alleged that the prosecutor knowingly made a false avowal that the phone used to electronically monitor David Nordstrom was the same phone found to be operating properly in testing conducted prior to trial. Petitioner based this misconduct allegation on the fact that David's mother, Theresa Nordstrom, had already testified at Scott Nordstrom's trial that the tested phone was not the same one used to monitor David's whereabouts. In the instant motion, Petitioner has proffered "newly-discovered" evidence in the form of an affidavit from Theresa Nordstrom that the prosecutor was at her house during the testing and heard her say that the phone being tested was not the one used to monitor David. (Dkt. 84, Ex. A.)

The Court declines to consider this evidence because it is not newly discovered. The affidavit is dated July 6, 2009, approximately six months prior to this Court's ruling, and Petitioner has failed to allege, let alone show, that it could not have been obtained earlier. In addition, it does not appear that Petitioner acted diligently to develop this evidence in state court. *See* 28 U.S.C. § 2254(e)(2); *Williams v. Taylor*, 529 U.S. 420 (2000).

**Certificate of Appealability**

The Court granted a COA on Claim 1-A. Petitioner asks that the COA be expanded to include the remaining allegations of prosecutorial misconduct set forth in Claim 1. Upon further consideration, the Court finds that reasonable jurists could debate the entirety of Petitioner's claim and thus will expand the COA.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Petitioner's Motion for New Trial or Reconsideration (Dkt. 84) is **DENIED in part and GRANTED in part**. To the extent Petitioner seeks to alter or amend the judgment, that aspect of his motion is denied. To the extent Petitioner seeks an amended Certificate of Appealability, that aspect of his motion is granted.

**IT IS FURTHER ORDERED** that the Certificate of Appealability is amended to include the following issue:

> Whether Petitioner has established cause and prejudice to overcome the procedural default of Claim 1, which alleges various instances of prosecutorial misconduct.

DATED this 9th day of March, 2010.

David C. Bury
United States District Judge