**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Glen Jones, Jr., | ) No. CV-03-00478-TUC-DCB |
| Petitioner, | ) <u>DEATH PENALTY CASE</u> |
| v. | ) |
| | ) **ORDER DISMISSING MOTION** |
| Charles L. Ryan, et al., | ) **FOR RELIEF FROM JUDGMENT** |
| Respondents. | ) |

Before the Court is Petitioner's motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.[1] (Doc. 106.) The motion seeks relief based on the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which held that ineffective assistance of postconviction counsel may serve as cause to excuse the procedural default of a claim alleging ineffective assistance of trial counsel. The motion also seeks relief for an alleged *Brady* violation during habeas proceedings. Respondents oppose the motion. (Doc. 110.) The Court concludes that, because Petitioner's Rule 60(b) motion seeks to raise new claims, it constitutes a second or successive petition that may not be considered by this Court absent authorization from the Court of Appeals for the Ninth Circuit.

---

[1] Petitioner's motion initially relied on both Rule 60(b)(6) and subsection (b)(3) (providing for relief from judgment based on fraud), but the latter allegation was withdrawn in his reply brief. (Doc. 114 at 16-17.)

**BACKGROUND**

In 1998, a jury convicted Petitioner on six counts of first-degree murder for killings that occurred two years earlier during robberies of the Moon Smoke Shop and the Fire Fighters Union Hall in Tucson. The trial court sentenced him to death. Petitioner was also convicted of first-degree attempted murder, aggravated assault, armed robbery, and first-degree burglary. Details of the crimes are set forth in the Arizona Supreme Court's opinion upholding Petitioner's convictions and sentences. *State v. Jones*, 197 Ariz. 290, 297–98, 4 P.3d 345, 352–53 (2000), *cert. denied*, 532 U.S. 978 (2001).

In 2003, following unsuccessful state postconviction proceedings, Petitioner sought federal habeas relief. At his request, the Court appointed as counsel Daniel Maynard and Jennifer Reiter (née Sparks), who had also represented Petitioner during state postconviction proceedings. (Docs. 2, 5.) The amended habeas petition raised numerous claims, including twelve allegations of ineffective assistance of trial counsel. (Doc. 27.) In their Answer, Respondents conceded that each ineffectiveness claim had been properly exhausted in state court. (Doc. 34 at 33.) In January 2010, the Court denied habeas relief in an order and memorandum of decision that addressed on the merits all of Petitioner's allegations concerning trial counsel's representation. (Doc. 79 at 29-46.)

On appeal, the Ninth Circuit affirmed. *Jones v. Ryan*, 691 F.3d 1093 (9th Cir. 2012). On April 11, 2013, Petitioner filed a certiorari petition in the United States Supreme Court. One week later, Maynard moved the Ninth Circuit for association or substitution of the Federal Public Defender as counsel, citing that office's "many more resources" to conduct further investigation into Petitioner's alleged innocence and potentially litigate additional claims or execution-related issues. Motion for the Association or Substitution of Counsel at 4, *Jones v. Ryan*, No. 10-99006 (9th Cir. Apr. 19, 2013), ECF No. 56. On April 24, 2013, the Ninth Circuit relieved Maynard as counsel of record and substituted the Federal Public Defender.

The United States Supreme Court denied certiorari on June 17, 2013. *Jones v. Ryan*, 133 S. Ct. 2831 (2013). The State of Arizona then moved the Arizona Supreme Court to

1  issue a warrant of execution. On August 21, 2013, Petitioner filed the instant motion for
2  relief from judgment, and this Court set a briefing schedule. (Docs. 105, 106.) On August
3  27, the Arizona Supreme Court set Petitioner's execution for October 23, 2013. Thereafter,
4  Respondents filed an opposition to the instant motion, and Petitioner filed a reply. (Docs.
5  110, 114.)

## DISCUSSION

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). A motion under subsection (b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

For habeas petitioners, a Rule 60(b) motion may not be used to avoid the requirements for second or successive petitions set forth in 28 U.S.C. § 2244(b). *Gonzalez*, 545 U.S. at 530–31. This statute has three relevant provisions: First, § 2244(b)(1) requires dismissal of any claim that has already been adjudicated in a previous habeas petition. Second, § 2244(b)(2) requires dismissal of any claim not previously adjudicated unless the claim relies on either a new and retroactive rule of constitutional law or on new facts demonstrating actual innocence of the underlying offense. Third, § 2244(b)(3) requires prior authorization from the court of appeals before a district court may entertain a second or successive petition under § 2244(b)(2). Absent such authorization, a district court lacks jurisdiction to consider the merits of a second or successive petition. *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

In *Gonzalez*, the Court held that a Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new ground for relief or "attacks the federal court's previous resolution of a claim *on the merits.*" 545 U.S. at 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n.4. The Court further

- 3 -

explained that a legitimate Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532; *accord United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (observing that a defect in the integrity of a habeas proceeding requires a showing that something happened during that proceeding "that rendered its outcome suspect"). For example, a Rule 60(b) motion does *not* constitute a second or successive petition when the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar"—or contends that the habeas proceeding was flawed due to fraud on the court. *Id.* at 532 nn.4–5; *see, e.g.*, *Butz v. Mendoza-Powers*, 474 F.3d 1193 (9th Cir. 2007) (finding a Rule 60(b) motion not to be the equivalent of a second or successive petition where district court dismissed first petition for failure to pay filing fee or comply with court orders and did not reach merits of claims). The Court reasoned that if "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction," there is no basis for treating it like a habeas application. *Gonzalez*, 545 U.S. at 533.

On the other hand, if a Rule 60(b) motion "presents a 'claim,' i.e., 'an asserted federal basis for relief from a . . . judgment of conviction,' then it is, in substance, a new request for relief on the merits and should be treated as a disguised" habeas application. *Washington*, 653 F.3d at 1063 (quoting *Gonzalez*, 545 U.S. at 530). Interpreting *Gonzalez*, the court in *Washington* identified numerous examples of such "claims," including:

> a motion asserting that owing to "excusable neglect," the movant's habeas petition had omitted a claim of constitutional error; a motion to present "newly discovered evidence" in support of a claim previously denied; a contention that a subsequent change in substantive law is a reason justifying relief from the previous denial of a claim; a motion that seeks to add a new ground for relief; a motion that attacks the federal court's previous resolution of a claim on the merits; a motion that otherwise challenges the federal court's determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief; and finally, an attack based on the movant's own conduct, or his habeas counsel's omissions.

*Id.* (internal quotations and citations omitted). If a Rule 60(b) motion includes such claims,

it is not a challenge "to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 n.5.

**I.     *Martinez* Issue**

Petitioner seeks relief under Rule 60(b) to reopen these habeas proceedings to raise three newly-identified claims of trial counsel ineffectiveness that were neither presented in state court nor included in his federal habeas petition.[2] Respondents argue that because the motion does not challenge a "defect in the integrity of the federal habeas proceedings," but instead asserts that Petitioner is entitled to habeas relief for substantive reasons, it must be treated as a second or successive petition. (Doc. 110 at 4.) Petitioner counters that he did not get a "fair shot" at raising ineffective-assistance-of-trial-counsel (IATC) claims because, as a result of having represented him in state postconviction-relief (PCR) proceedings, original habeas counsel Maynard and Reiter operated under a conflict of interest that prevented them from objectively assessing the IATC claims they raised in the state PCR petition. (Doc. 114 at 3.) Petitioner's argument is based on the change in procedural law resulting from the Supreme Court's decision in *Martinez v. Ryan*.

In *Martinez*, the Court created a narrow exception to the well-established rule in *Coleman v. Thompson*, 501 U.S. 722, 731 (1991), that ineffective assistance of counsel during state PCR proceedings cannot serve as cause to excuse the procedural default of an IATC claim. The Court held that in states like Arizona, which require prisoners to raise IATC claims in PCR proceedings in lieu of direct appeal, the ineffectiveness of PCR counsel may serve as cause. *Martinez*, 132 S. Ct. at 1315. From this, Petitioner asserts that Maynard and Reiter raised in the federal habeas petition the exact same claims raised in the state PCR petition because they had a "strong disincentive" to identify new IATC claims for which,

---

[2] The claims allege that trial counsel failed to challenge the admissibility of evidence generated from an electronic monitoring system used to track a prosecution witness (based on *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923) and foundational objections), failed to call a rebuttal witness, and failed to object to the trial court's refusal to consider mitigating evidence absent a causal connection. (Doc. 106 at 14-37.)

- 5 -

under *Martinez*, they would then have had to assert their own ineffectiveness as cause. (Doc. 106 at 11.)

The Court assumes, for purposes of the instant motion, that under certain circumstances a conflict of interest by habeas counsel may form the basis for claiming a defect in the integrity of proceedings for Rule 60(b) purposes. *See, e.g.*, *Brooks v. Bobby*, 660 F.3d 959, 963 (6th Cir.), *cert. denied*, 132 S. Ct. 607 (2011) (observing that a conflict of interest "could under sufficiently egregious conditions haunt the integrity of a first federal habeas proceeding"). Here, however, Petitioner's allegation of a conflict does not rise to that level because at the time of counsel's representation before this Court, there could have been no "disincentive" to raise every identifiable IATC claim, and in fact counsel pursued twelve such allegations. The proceedings in this Court concluded more than two years before *Martinez* was decided. Throughout their representation of Petitioner in district court, it was settled law that the ineffective assistance of PCR counsel could serve as neither an independent constitutional claim for habeas relief, *see* 28 U.S.C. § 2254(I), nor, pursuant to *Coleman*, as cause to excuse the procedural default of other constitutional claims. Therefore, the Court is unpersuaded that the integrity of Petitioner's federal habeas proceeding was undermined as a result of state PCR counsel's continued representation of him from state to federal court.

Moreover, the underlying premise of the conflict of interest alleged here is that Maynard and Reiter acted ineffectively by not identifying additional IATC claims for inclusion in Petitioner's federal habeas petition. *See generally Cuyler v. Sullivan*, 446 U.S. 335, 345 (1980) (characterizing a conflict-of-interest claim as one alleging ineffective assistance of counsel). In *Gonzalez*, the Court specifically noted that "an attack based on the movant's own conduct, *or his habeas counsel's omissions* . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.* at 532 n.5 (emphasis added). Similarly, the Sixth Circuit, in ruling that a petitioner's Rule 60(b) motion was actually a second or successive habeas petition, explained:

- 6 -

> It makes no difference that the motion itself does not attack the district court's substantive analysis of those claims but, instead, purports to raise a defect in the integrity of the habeas proceedings, namely his counsel's failure—after obtaining leave to pursue discovery—actually to undertake that discovery; all that matters is that Post is "seek[ing] vindication of" or "advanc[ing]" a claim by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition.

*Post v. Bradshaw*, 422 F.3d 419, 424–25 (6th Cir. 2005) (quoting *Gonzalez*, 545 U.S. at 530–31). Likewise, in *Gray v. Mullin*, 171 Fed.Appx. 741, 742 (10th Cir. 2006), where habeas counsel failed to provide the full state court record to the district court, the Tenth Circuit rejected the petitioner's argument that counsel's negligence undermined integrity of the habeas proceeding and concluded that his Rule 60(b) motion was successive because it reasserted a claim already addressed on the merits. *Id.* at 743–44; *see also Gurry v. McDaniel*, 149 Fed.Appx. 593, 596 (9th Cir. 2005) (barring Rule 60(b) motion as successive petition because based on alleged ineffective assistance provided by previous habeas counsel).

Here, Petitioner has asserted that habeas counsel failed to identify and raise three IATC claims. Such failure does not demonstrate a defect in the integrity of the federal habeas proceeding. Rather, Petitioner is attempting, under the guise of a Rule 60(b) motion, to gain a second opportunity to pursue federal habeas relief on new grounds. As the Supreme Court made clear in *Gonzalez*, "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." 545 U.S. at 531. Because this aspect of Petitioner's motion is in substance a second or successive petition, the Court lacks jurisdiction to consider the new IATC claims raised therein absent authorization from the court of appeals.

## II.  *Brady* Issue

Petitioner also asserts that Rule 60(b) relief is warranted because Respondents suppressed exculpatory evidence during these federal habeas proceedings in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). This evidence, according to Petitioner, would have

- 7 -

1 supported one of the newly-identified IATC claims he argues in the instant motion should
2 have been pursued in state court by PCR counsel—trial counsel's failure to challenge the
3 admissibility, under Arizona's standards for the admission of scientific evidence, records
4 generated by an electronic monitoring system (EMS) that indicated suspect-turned-informant
5 David Nordstrom was at home the night of the Union Hall murders. Petitioner asserts this
6 "alibi" evidence was used by the prosecution to bolster Nordstrom's credibility and that the
7 prosecution was aware of deficiencies in the EMS system utilized by the Arizona Department
8 of Corrections (ADC) to monitor Nordstrom.

9 To support his contention that Respondents committed a *Brady* violation, and thus
10 undermined the integrity of these habeas proceedings, Petitioner asserts that Respondents
11 were on notice that the functioning of the EMS system was at issue because his habeas
12 petition alleged ineffective assistance of trial counsel for failing to (1) effectively challenge
13 the testimony of Nordstrom's probation officer and ADC's EMS supervisor concerning the
14 system used to monitor Nordstrom, and (2) call witnesses that could have testified Nordstrom
15 was sometimes out past curfew. Based on the notice from these habeas claims, Petitioner
16 asserts that Respondents had a duty to seek information from the EMS system's manufacturer
17 relative to the operation and functioning of the equipment used to monitor Nordstrom and
18 to disclose that information during these habeas proceedings. The Court disagrees.

19 First, it is highly questionable whether the type of evidence Petitioner alleges
20 Respondents should have procured and disclosed has any relevancy to the IATC claims
21 raised in his federal habeas petition. The state court adjudicated these claims on the merits
22 and thus habeas review under § 2254(d) is limited to the record before the state court. *See*
23 *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). Additionally, information concerning the
24 operation and functioning of the type of unit used to monitor Nordstrom has no bearing on
25 whether trial counsel effectively cross-examined the personnel who monitored the EMS
26 system. Such information may be relevant to a claim that trial counsel should have
27 challenged the admissibility of records generated by the EMS system, but that separate claim
28 was not presented in the habeas petition.

Second, Respondents were under no duty to disclose the allegedly exculpatory material during these federal habeas proceedings.[3] In *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68–69 (2009), the Court held that the *Brady* right of pretrial disclosure does not extend to the postconviction context because once convicted a criminal defendant has only a limited liberty interest. In so holding, the Court reversed the Ninth Circuit's contrary conclusion, which was based primarily on its decision in *Thomas v. Goldsmith*, 979 F.2d 746 (9th Cir. 1992), relied on by Petitioner here.[4] *See Osborne v. Dist. Attorney's Office for Third Judicial Dist.*, 521 F.3d 1118, 1128–29 (9th Cir. 2008). Because there was no duty of disclosure in these proceedings, any failure by Respondents to comply with *Brady* did not undermine the integrity of the proceedings.

In sum, Petitioner has not shown that Respondents' failure to obtain and disclose information regarding reliability of the EMS system used to monitor Nordstrom undermined the integrity of the proceedings relevant to the claims actually raised in his § 2254 petition. Rather, he seeks leave through a Rule 60(b) motion to pursue a new claim for habeas relief based on trial counsel's alleged ineffectiveness in not challenging the admissibility of records generated by the EMS system. A Rule 60(b) motion that in substance raises new claims for habeas relief must be treated as a second or successive petition, subject to the statutory requirements for filing such petitions. *Gonzalez*, 545 U.S. at 531; 28 U.S.C. § 2254(b). Because Petitioner has not obtained authorization from the court of appeals, the Court may

---

[3] The Court notes that Petitioner does not actually identify any specific evidence from the EMS system's manufacturer that should have been disclosed, let alone material exculpatory evidence. Instead, he seeks leave to conduct discovery to support his newly-identified IATC claim.

[4] Petitioner's reliance on *In re Pickard*, 681 F.3d 1201 (10th Cir. 2012), is similarly unavailing. There, the prisoner alleged fraud as the basis for his Rule 60(b) motion, not a postconviction duty of disclosure. *Id.* at 1206. The court found that a false statement by the prosecutor during § 2255 proceedings deceived the district court into denying discovery that would have supported the § 2255 petitioner's unsuccessful *Brady* claim. *Id.* at 1207. Because this fraud undermined the integrity of the § 2255 proceeding, the Rule 60(b) motion was not improper.

- 9 -

not consider his new IATC claim.

## CONCLUSION

Petitioner's Rule 60(b) motion does not demonstrate any defect in the integrity of these habeas proceedings but instead seeks to raise several new substantive claims of ineffectiveness against trial counsel. It is therefore a second or successive petition, and this Court lacks jurisdiction to consider it absent authorization from the court of appeals pursuant to § 2244(b)(3).

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Relief from Judgment (Doc. 106) is dismissed as an unauthorized second or successive petition.

DATED this 23rd day of September, 2013.

David C. Bury
United States District Judge